**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMONWEALTH OF MASSACHUSETTS, et al.<br><br>                    Plaintiffs,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>        and<br><br>BETSY DEVOS, *in her official capacity as Secretary of Education,*<br><br>                    Defendants. | **Civil Action No. 1:17-CV-01331** |

**MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF OF THE
NATIONAL CONSUMER LAW CENTER, AMERICAN FEDERATION OF
TEACHERS, AMERICANS FOR FINANCIAL REFORM, BAY AREA LEGAL AID,
CENTER FOR RESPONSIBLE LENDING, COMMUNITY LEGAL SERVICES OF
PHILADELPHIA, CONSUMER ACTION, CONSUMERS UNION, HOUSING AND
ECONOMIC RIGHTS ADVOCATES, LEGAL AID FOUNDATION OF LOS ANGELES,
LEGAL SERVICES NYC, NATIONAL ASSOCIATION FOR COLLEGE ADMISSION
COUNSELING, NEW YORK LEGAL ASSISTANCE GROUP, PUBLIC COUNSEL,
PUBLIC LAW CENTER, THE INSTITUTE FOR COLLEGE ACCESS AND SUCCESS,
UNITED STATES PUBLIC INTEREST RESEARCH GROUP EDUCATION FUND,
AND YOUNG INVINCIBLES
IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Abigail Evans Shafroth
(D.C. Bar No. 1003646)
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010
ashafroth@nclc.org
*Counsel for Amici Curiae*

Pursuant to Local Civil Rule 7(o), the National Consumer Law Center, American Federation of Teachers, Americans for Financial Reform, Bay Area Legal Aid, Center for Responsible Lending, Community Legal Services of Philadelphia, Consumer Action, Consumers Union, Housing and Economic Rights Advocates, Legal Aid Foundation of Los Angeles, Legal Services NYC, National Association for College Admission Counseling, New York Legal Assistance Group, Public Counsel, Public Law Center, The Institute for College Access And Success, United States Public Interest Research Group Education Fund, and Young Invincibles respectfully move for leave to file a brief as *amici curiae* in support of Plaintiffs' motion for summary judgment.

A copy of the proposed brief is attached to this motion, along with a proposed order. Because this case and *Bauer v. DeVos* (Civil Action No. 17-1330) are before the same Court and present the same core issues, proposed *amici* seek to file the same *amici curiae* brief, with only captions changed, in both cases.

Pursuant to Local Civil Rule 7(o), undersigned counsel contacted counsel for the parties concerning the proposed brief.  Plaintiffs consented to the filing of the brief.  Defendants stated they take no position with respect to the filing of the brief.  The proposed brief is timely filed within seven days after the filing of Plaintiffs' motion for summary judgment.

## INTEREST OF PROPOSED *AMICI*

The proposed brief is submitted by the National Consumer Law Center ("NCLC") on behalf of its low-income clients, and by 17 legal aid and other non-profit organizations that work on behalf of students and student loan borrowers, consumers, low-income individuals, teachers, college counselors, and the principles of college access and success and financial fairness.

1

Proposed *amici* share a strong interest in ensuring that all of the current and future student loan borrowers who were intended beneficiaries of the Borrower Defense Rule, 81 Fed. Reg. 75,926 (Nov. 1, 2016), promptly receive the protections and relief available to them under the Rule and avoid the irreparable harm that continued delay of the Rule will cause.  NCLC and other proposed *amici* participated in the 2016 negotiated rulemaking on borrower defense through rulemaking meetings, written comments, public letters, petitions, and other advocacy materials.  Several proposed *amici* organizations participated as representatives of the legal assistance and student communities on the rulemaking committee, and others participated as counselors and commenters.  During the rulemaking, proposed *amici* educated the Department of Education about student loan borrowers' experiences with predatory schools and barriers to accessing relief under the existing regulatory regime.

NCLC is a nonprofit organization specializing in consumer issues on behalf of low-income people.  NCLC has nationally recognized expertise in student loan law and publishes a widely-used treatise on student loan law, *Student Loan Law (*5th ed. 2015), *updated at* www.nclc.org/library.  NCLC's Student Loan Borrower Assistance Project provides information about student borrowers' rights and seeks to increase public understanding of student lending issues and to identify policy solutions to promote access to education and lessen student debt burdens.  It also provides direct representation to low-income student loan borrowers, many of whom enrolled in predatory schools that made false promises of guaranteed employment or used other unfair recruiting tactics to secure their enrollment.  NCLC also consults with civil legal services organizations across the country—including proposed *amici* Legal Aid Foundation of Los Angeles, New York Legal Assistance Group, Bay Area Legal Aid, Community Legal Services of Philadelphia, Housing and Economic Rights Advocates, Public Law Center, Public

Counsel, and Legal Services NYC—that represent borrowers in their local communities who have been harmed by predatory schools.[1]  Through this work, the proposed *amici* have seen the harm to students caused by predatory school abuses and abrupt closures and have identified and alerted the Department to barriers to borrower relief under the existing regulatory regime.

## ARGUMENT

Movants' proposed brief satisfies the standards of Local Rule 7(o)(2) because participation in this matter by knowledgeable advocates for the student loan borrowers who are intended beneficiaries of the Borrower Defense Rule is desirable, because movants' position is not adequately represented by a party, and because the proposed brief presents information relevant to the disposition of the case.  Further, in light of the "Court's inherent authority to permit *amici* participation," and "in the interests of considering all available information," the Court should grant the motion for leave to file the proposed brief.  *United States v. US Airways Grp., Inc.*, 38 F. Supp. 3d 69, 74 (D.D.C. 2014) (internal quotation omitted).

Entry of the proposed brief is desirable because the interests of student loan borrowers should be heard on an issue that significantly impacts them.  Indeed, the express "purpose" of the 2016 Borrower Defense Rule "is to protect student loan borrowers from misleading, deceitful, and predatory practices of, and failures to fulfill contractual promises by, institutions participating in the Department's student aid programs." 81 Fed. Reg. at 75,926.  Because student loan borrowers are the foremost intended beneficiaries of the Borrower Defense Rule, their interests should be heard and considered in the present litigation over the legality of the Department's actions delaying the effective date of the Rule.  Movants' proposed brief focuses on the abuses the Rule is intended to protect student loan borrowers from, and the harm to

[1] A short description of each additional proposed *amici* and its interest in this matter is included in Appendix A to the proposed *Amici Curiae* Brief.

3

student loan borrowers that delay of the Rule will cause.

Not only should student loan borrowers have a voice, but the court deserves to make its decision with the benefit of Movants' expertise in student loan law generally and the Borrower Defense Rule in particular.  Proposed *amici* have the type of expertise, interest and perspective that courts have found to be helpful in deciding legal issues like this one, which have a wide-ranging impact. *NGV Gaming, Ltd. v. Upstream Point Molate*, LLC, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005)(explaining that "[d]istrict courts frequently welcome *amicus* briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the *amicus* has unique information or perspective that can help the court . . .") (quoting *Cobell v. Norton*, 246 F.Supp.2d 59, 62 (D.D.C.2003)).  For example, proposed *amicus* NCLC has a strong reputation not only for advocacy on student loan law, but also for objective expertise, as its treatise on student loan law demonstrates.

Movants' position is not adequately represented by a party.  Movants currently seek the same outcome as the State Plaintiffs, but the States represent a more diverse constituency within which student loan borrowers' interests are just one set among many.  Indeed, states must consider the interests of state enforcement agencies, state universities, taxpayers, and other constituencies impacted by the Borrower Defense Rule.  Plaintiffs' interest in the delay is thus focused on the impact of the Rule on "the effectiveness of state enforcement efforts" and "remedies available under state law," as well as deterring misconduct and protecting state residents.  Complaint, Dkt. No. 1, at ¶ 35.

Finally, Movants' proposed brief presents information and arguments that are relevant to the question of whether the Department's actions delaying the Borrower Defense Rule are legal that are not adequately addressed by the parties.  Movants' proposed *amici curiae* brief provides

the context of predatory school conduct and barriers to accessing relief that the Borrower

Defense Rule ("the Rule") was promulgated to address, offers detailed explanations of the

protections made available to borrowers by the Rule, and identifies the specific harms to

borrowers that delay of the Rule will cause.  In particular, the proposed brief highlights the harm

to borrowers caused by even a temporary delay of the Rule's provisions regarding closed school

and false certification discharges, borrower defenses, and limits on pre-dispute arbitration and

class action bans.  These serious harms are relevant to the legality of the delay under the

Administrative Procedure Act and were not addressed in the Department's notice that it was

delaying the effective date of the Rule.  In contrast, Plaintiffs' memorandum in support of its

motion for summary judgment focuses on the Department's failures to follow proper procedures

when promulgating the delay rule, to justify the delay rule on the basis of pending litigation, or

to provide an adequate explanation for the delay rule pursuant to the Administrative Procedure

Act.  *See* Dkt. No. 32-1.

## CONCLUSION

For the forgoing reasons, Movants respectfully request that the Court grant this motion

for leave to file the accompanying *amici curiae* brief.

Dated:  September 28, 2017

Respectfully submitted,

*/s/ Abigail Evans Shafroth*
Abigail Evans Shafroth
(D.C. Bar No. 1003646)
NATIONAL CONSUMER LAW CENTER
7 Winthrop Square, 4th Floor
Boston, MA 02110
(617) 542-8010
ashafroth@nclc.org
*Counsel for Amici Curiae*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2017, I electronically filed the foregoing document with United States Court for the District of Columbia by using the CM/ECF system, which will cause it to be served electronically on all registered counsel.

Dated: September 28, 2017

/s/ Abigail Evans Shafroth
Counsel for *Amici Curiae*