## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

<table>
<tr><td>

COMMONWEALTH OF MASSACHUSETTS
PEOPLE OF THE STATE OF CALIFORNIA *ex rel.*
XAVIER BECERRA, Attorney General, STATE OF
CONNECTICUT, STATE OF DELAWARE, DISTRICT
OF COLUMBIA, STATE OF HAWAII, PEOPLE OF
THE STATE OF ILLINOIS, STATE OF IOWA, STATE
OF MARYLAND, STATE OF MINNESOTA, STATE
OF NEW MEXICO, STATE OF NEW YORK, STATE
OF NORTH CAROLINA *ex rel.*   JOSH STEIN,
Attorney General, STATE OF OREGON,
COMMONWEALTH OF PENNSYLVANIA, STATE
OF RHODE ISLAND, STATE OF VERMONT
COMMONWEALTH OF VIRGINIA, *ex rel.*   MARK R.
HERRING, and, STATE OF WASHINGTON, Office of
the Washington Attorney General,

                    Plaintiffs,

    v.

UNITED STATES DEPARTMENT OF EDUCATION,
and BETSY DEVOS, *in her official capacity as
Secretary of Education,*

                Defendants.

</td><td>

Civil Action No. 17-1331
Judge Randolph D. Moss

</td></tr>
</table>

## MOTION OF AMICUS CURIAE THE LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW FOR LEAVE TO FILE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Under Local Rule 7(o) of the Local Civil Rules of the United States District Court for the District of Columbia (the "Local Rules," and each rule therein, a "Local Rule"), the Lawyers' Committee for Civil Rights Under Law (the "Lawyers' Committee") respectfully moves the Court for leave to file a memorandum of points and authorities as an *amicus curiae* in support of Plaintiffs' motion for summary judgment.   A copy of a proposed memorandum, as well as a proposed order, is attached.

Pursuant to Local Rules 7(m) and 7(o)(2), counsel for *amicus* has discussed this motion with counsel for Plaintiffs and Defendants. Plaintiffs' counsel consents to the Lawyers' Committee's filing of its *amicus* brief. Defendants' counsel takes no position as to the Lawyers' Committee filing of its *amicus* brief.

## INTEREST OF PROPOSED *AMICUS*

Proposed *amicus,* the Lawyers' Committee for Civil Rights Under Law, is a non-partisan, non-profit organization that seeks to secure equal justice, through the rule of law, for all individuals. Founded in 1963 at the behest of President John F. Kennedy, the Lawyers' Committee is dedicated, among other goals, to eradicating all forms of racial discrimination in voting, housing, employment, criminal justice and education.   In light of its mission to secure equal justice for all through the rule of law, the Lawyers' Committee seeks to eradicate all forms of racial discrimination in both K-12 and higher education settings.

As a leading racial justice organization, the Lawyers' Committee has a vested interest in ensuring that equal educational opportunities are available to students of all racial and ethnic backgrounds.   The Lawyers' Committee therefore seeks to file its memorandum in support of the Plaintiffs' Motion for Summary Judgment in light of the vital protections and remedies the Borrower Defense Rule provides students of color.

1

**ARGUMENT**

*Amicus*'s proposed memorandum meets the standards set forth in Local Rule 7(o)(2) as the proposed *amicus* memorandum is desirable, *amicus*'s position is not adequately represented by a party, and the proposed brief discusses matters relevant to the disposition of the case. "[I]t is solely within the discretion of the Court to determine the fact, extent, and manner of participation by the amicus." *United States v. Microsoft Corp.*, 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002).

Plaintiffs' motion seeks a grant of summary judgment invalidating the U.S. Department of Education's (the "Department") indefinite stay[1] of the Borrower Defense Rule[2] as violative of the Administrative Procedure Act (APA) as well as 5 U.S.C. § 705.   The Borrower Defense Rule was promulgated to protect student loan borrowers from misleading and predatory practices of for-profit postsecondary schools, and while Plaintiffs' memorandum in support of that motion and the memorandum by Plaintiffs' *amici curiae*, the National Consumer Law Center (NCLC) and others, include assertions and arguments regarding the deficiencies of the delay, neither brief discusses the implications of the indefinite delay on students of color specifically.   By its memorandum here, *amicus curiae*, the Lawyers' Committee, seeks to provide the Court with information about the history of predatory practices for-profit institutions engage in, specifically towards students of color; the protections and remedies against for-profit institutions that the Borrower Defense Rule provides; and the disproportionate harm the delay inflicts on students of color.

---

[1]  Student Assistance General Provisions, Federal Perkins Loan Program, Federal Family Education Loan Program, William D. Ford Federal Direct Loan Program, and Teacher Education Assistance for College and Higher Education Grant Program, 82 Fed. Reg. 27,621 (June 16, 2017).

[2]  Student Assistance General Provisions, Federal Perkins Loan Program, Federal Family Education Loan Program, William D. Ford Federal Direct Loan Program, and Teacher Education Assistance for College and Higher Education Grant Program, 81 Fed. Reg. 75,926 (Nov. 1, 2016).

WEIL:\96299323\1\99995.5864

As students of color are often targeted by for-profit institutions, the harm inflicted by predatory and fraudulent recruiting tactics by these institutions is borne primarily by these students. As such, students of color and their advocates provide a distinct perspective on how the delay of the Borrower Defense Rule impacts this population. The entry of the proposed brief will aid the Court in reaching a resolution of this litigation with an understanding of the ramifications of the stay on students of color, and therefore, is desirable.

Additionally, while Plaintiffs' motion addresses the procedural deficiencies of the delay of the Borrower Defense Rule, the motion does not address the specific harms that students of color face as a result of the delay. *Amicus*'s position is not adequately represented by Plaintiffs in this action. African-American and Latino students face unique social obstacles to meaningful educational opportunities, and the proposed memorandum addresses these obstacles in the context of the stay of implementing the Borrower Defense Rule. The proposed memorandum details, *inter alia*, the racial inequities concerning access to educational opportunities, the predatory practices of for-profit institutions that target communities of color, and the harm that the delay inflicts on these already disadvantaged students—none of which is addressed by either party or any other *amici*.

Lastly, the impact of the stay on students of color is relevant to the disposition of this case. The Borrower Defense Rule was promulgated directly to address the predatory practices of secondary institutions that receive federal student aid. In particular, the Borrower Defense Rule provides remediation to students that have been harmed and establishes protections against future targeting and fraudulent recruiting tactics used by for-profit institutions. As these for-profit schools often target non-traditional students, who are often African-American or Latino, the specific harms that these demographic populations will suffer due to the postponement of the

WEIL:\96299323\1\99995.5864

Borrower Defense Rule are relevant to the disposition of this action. The proposed memorandum details how the protections promulgated in the Borrower Defense Rule, such as the anti-arbitration clause provision and the new federal standard for establishing a borrower defense claim, will impact African-American and Latino students.

"[A]n amicus brief should normally be allowed . . . when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cobell v. Norton,* 246 F.Supp.2d 59, 62 (D.D.C. 2003) (granting leave for the filing of an amicus brief that would be helpful to the Court). *Amicus* here hopes to aid the Court by the unique information and perspective it provides concerning equal opportunity implications of the present litigation. As Plaintiffs do not oppose this filing and Defendant has taken no position, *amicus*'s motion for leave to file its brief should be granted.

## CONCLUSION

For the forgoing reasons, *amicus* respectfully request that the Court grant this motion for leave to file the accompanying *amicus curiae* memorandum.

Dated: October 3, 2017
      Washington D.C.

                                Respectfully submitted,

                                 /s/ Jon Greenbaum
                                Kristen Clarke
                                Jon Greenbaum
                                LAWYERS' COMMITTEE FOR
                                CIVIL RIGHTS UNDER LAW
                                1401 New York Avenue, NW
                                Suite 400
                                Washington, DC 20005
                                (202) 662-8600

4

Anish Desai
Irisa Chen
Natalie Kennedy
WEIL, GOTSHAL & MANGES LLP
767 Fifth Ave.
New York, NY 10153
(212) 310-8000

WEIL:\96299323\1\99995.5864

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of October, 2017, Motion of Amicus Curiae the Lawyers' Committee for Civil Rights Under Law for Leave to File Memorandum of Points and Authorities in Support of Plaintiffs' Motion For Summary Judgment was filed electronically with the Clerk of Court using the CM/ECF system, which shall send notice to all counsel of record.

 /s/ Jon Greenbaum
Jon Greenbaum, Esq.